# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CASSANDRA D. COLO'N, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 4:07-cv-060-TWP-DML |
| | ) |
| INDIANA DOWNS, | ) |
| | ) |
| Defendant. | ) |

## Entry Discussing Motion for New Trial

At the conclusion of the trial, on December 1, 2010, a jury returned its unanimous verdict in favor of Indiana Downs on all claims asserted by plaintiff Cassandra D. Colo'n. The court accepted the jury's verdict and entered judgment consistent with it.

Ms. Colo'n requests that this court set aside the Judgment entered on December 3, 2010, and that a new trial be held. Ms. Colo'n's Motion for New Trial (Dkt. # 183) is brought pursuant to *Federal Rules of Civil Procedure* 59. For the reasons explained in this Entry, Ms. Colo'n's motion for a new trial must be **denied.**

## Discussion

Rule 59(a)(1) provides that the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "Under Rule 59(a), a party only can obtain a new trial if the verdict is contrary to the weight of the evidence, that results in a shocking 'miscarriage of justice,' or if credible evidence is discovered after the trial." *Martin v. Royse*, 2010 WL 2521063 (N.D.Ind. June 11, 2010) (quoting *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995), and citing cases). "In ruling on a motion for a new trial, the judge may consider the credibility of witnesses, the

weight of the evidence, and anything else which justice requires." *Bob Willow Motors, Inc. v. Gen. Motors Corp.,* 872 F.2d 788, 798 (7th Cir. 1989); *see also Mejia v. Cook County, Ill.,* 2011 WL 1518878, *1 (7th Cir. 2011). As to the weight of the evidence as a particular feature of this inquiry, the Seventh Circuit has explained that it will uphold a jury verdict as long as a reasonable basis exists in the record to support this verdict. *Moore v. Tuleja,* 546 F.3d 423, 427 (7th Cir. 2008).

Ms. Colo'n argues that there are three grounds upon which her motion should be granted. First, Ms. Colo'n argues that the verdict is against the weight of the evidence, that the jury was biased, and that she was prejudiced by defense counsel's misconduct. Each allegation will be discussed in turn.

### A. The Verdict is Against the Weight of the Evidence

Ms. Colo'n first argues that the verdict is against the weight of the evidence as to each of her claims. Contrary to Ms. Colo'n's assertion, the Court finds that a reasonable jury could weigh the evidence presented at trial and conclude that Indiana Downs did not engage in discriminatory conduct towards Ms. Colo'n, that the actions it took were justifiable, and that Ms. Colo'n did not meet her burden of proof as to her claims. The jury was entitled to make a credibility determination and to believe the defense witnesses about the disputed facts. The jury had an opportunity and duty to listen to the evidence, observe the witnesses as they testified and to make a determination on the credibility of the testimony of the witnesses. The jury's verdict in favor of Indiana Downs on Ms. Colo'n's discrimination, harassment and retaliation claims is not against the weight of the evidence and is within reason if defendant's evidence is deemed credible by the jury, as it obviously was. Ms. Colo'n's characterization of the evidence is at odds with the jury's apparent

interpretation of the evidence. There is both reasonable and ample basis in the record to support the jury's verdict. It is for these reasons that the Court finds no miscarriage of justice occurred and Ms. Colo'n's motion for a new trial on this basis is **denied**.

**B. Juror Bias**

Ms. Colo'n argues that the "jury was racially biased and did not represent a jury of the peers of the Plaintiff." Ms. Colo'n argues that the jury system is flawed and questions whether African American, Hispanic or Asian jurors were "systemically not chosen." Ms. Colo'n explains that she was "truly surprised at the fact not one minority person, was in this panel" and that she was unaware that she could have objected.

First, Ms. Colo'n's reliance on the Sixth Amendment as the basis for this ground for relief is misplaced. The Sixth Amendment forbids racial discrimination in the selection of jurors in criminal cases and is not implicated in this civil action.[1] But even in criminal cases, there is no requirement that a venire or jury mirror the general population. *United States v. Duff*, 76 F.3d 122, 124 (7th Cir. 1996). "Defendants are not entitled to a jury of a particular composition." *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975). Therefore, "the makeup of any given venire is not significant, provided all rules for selection have been observed." *Duff*, 76 F.3d at 125 (citing *Holland v. Illinois*, 493 U.S. 474, 482-83 (1990)); *see also United States v. Grose*, 525 F.2d 1115, 1119 (7th Cir. 1975) ("The mere observation

---

[1] To make a *prima facie case* that a defendant has been denied the right to a jury selected from a fair cross-section of the community under the Sixth Amendment, a defendant must show that:
    (1) the group allegedly excluded is a distinctive part of the community,
    (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and
    (3) this under representation is due to systematic exclusion of the group in the jury selection process.
*U.S. v. Phillips,* 239 F.3d 829, 842 (7th Cir. 2001) (*citing Johnson v. McCaughtry*, 92 F.3d 585, 590 (7th Cir. 1996); *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

that a particular group is under represented on a particular panel does not support a constitutional challenge.")

The composition of a jury venire is not, however, without minimum standards even in a civil case. The Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-78 (1982) ("the Act"), provides: "No citizen shall be excluded from service as a grand or petit juror in the district courts of the United States on account of race, color, religion, sex, national origin, or economic status." 28 U.S.C. § 1862. The Act applies in the context of both civil and criminal trials. *Edmonson v. Leesville Concrete Co., Ind.,* 500 U.S. 614, 630 (1991).

The procedures prescribed by § 1867(e) of the Act are the exclusive means by which a party in a civil case may challenge any venire on the ground that such jury was not selected in conformity with the provisions of this title. A party's "failure to comply with the procedural requirements precludes a statutory challenge to the array." *U.S. V. Tillman*, 80 Fed. Appx. 520, 521 (7th Cir. 2003) (citing 28 U.S.C. § 1867(e)). In civil cases, a statutory challenge must be made by motion "before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(c). The motion must contain "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title . . . ." 28 U.S.C. § 1867(d).[2] Here, Ms. Colo'n's

---
[2]Section 1867(d) states in its entirety:

> Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity

objection to the jury is untimely in that the objection was not made known to the Court until this motion was filed, on December 7, 2010. Ms. Colo'n was aware as of the morning of November 29, 2010, that the potential members of the jury would be Caucasian and she was present throughout the voir dire process. When asked by the court, Ms. Colo'n declined to conduct any additional questioning of the prospective jurors. Ms. Colo'n submitted her peremptory challenges to the court at the conclusion of the voir dire process. At no time prior to the voir dire examination beginning or during the trial, did Ms. Colo'n even hint that she was concerned with the make-up of the jury. It was only after the jury returned an unfavorable verdict that she first raises the issue. Her failure to object at trial to the composition of the jury bars her argument in the context of alleged issues regarding the composition of the jury or bias. *See Id.,* §1867(c), (e); *Nehan v. J.B. Hunt Transp., Inc.*, 179 Fed. Appx. 954, 956 (7th Cir. 2006) (Act requires a civil plaintiff to raise his challenge within 7 days of the time he knew or should have known of the court's failure to comply with the Act). Ms. Colo'n argues that her failure to timely object to the jury panel should be excused because she is inexperienced and unaware of the fact that she could have objected. Ms. Colo'n's ignorance of the law does not excuse her failure to timely object. Because she failed to raise any objection to the composition of the venire prior to selection, her challenge to the jury panel is overruled. *United States v. Young*, 570 F.2d 152, 153 (6th Cir. 1978) (holding that requirements of the Act are strictly enforced and challenges raised for the first time on appeal are untimely).

> with this title or dismiss the indictment, whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

However, even if a procedurally proper challenge to the jury had been brought, it would still be overruled because the Southern District of Indiana Jury Plan for the Random Selection of Grand and Petit Jurors as Amended, October 4, 2010, clearly follows the process and procedures recommended by the Act. See § 1863(b)(2); *United States v. Koliboski*, 732 F.2d 1328, 1331 (7th Cir. 1984) (holding that voter lists are proper source from which to draw a pool of jurors). A description of the court's process and procedures is found in the Public Notice Pursuant to 28 U.S.C. § 1866(a) on the court's internet website. And a link to the full plan can be found by clicking the "jury service" link on that same website. In addition, the Act does not require that the jury selection process produce groups that accurately mirror community makeup and no challenge lies on that basis. See *U.S. v. Phillips*, 239 F.3d 829, 841 (7th Cir. 2001).

Ms. Colo'n's challenge to the composition of the jury and the propriety of the verdict is based on an argument that there should have been minority representation on the jury. However, Ms. Colo'n offers no evidence that the process which selected the venire from which her all-Caucasian jury was selected was done in violation of the Act or that there was a systematic exclusion of African Americans in the jury-selection process. Ms. Colo'n's speculation is legally insufficient to challenge the jury composition under the Jury Selection and Service Act of 1968.

Ms. Colo'n also complains:

> [T]hese jurors were sleeping in the jury box during the trial, eating potatoes chips, tried [sic], extremely disinterested and angry about being chosen to serve, even one gentleman being more concerned with the repair of his truck transmission than the true concerns of analyzing the evidence. Another Juror openly stated he once investigated an African American's complaint at his place of business and stated, "we decide his complaint was nothing, and he got nothing it was dismissed." Another juror stated "we don't have very many of them in our town, or school." What year were these jurors from 1930-40's. For example one of the cities mentioned Harrison Co., is where

> an African American Teenager was pepper sprayed and had a hood place over his head so he could not breath, by the local sheriff's and no one protested this behavior; this was one of the counties these white jurors were chosen from. Choice? Plaintiff has to smile at the jurors that were offered, and Plaintiff now fully understood she had no choice. The day these jurors were asked to deliberate; they were more concerned with getting their lunch orders in before noon. These factors together deprived this Plaintiff of her right to a fair and impartial jury.

Plaintiff's Reply, dkt 188 at 18-19. To the extent Ms. Colo'n had concerns with the jurors' conduct during the trial, she did not bring those concerns to the attention of the court. Further, the court is aware of the jurors' attention to proceedings, of the demeanor of the jurors, and of the manner in which the jurors approached and performed their responsibilities in the trial. There is no basis in any of those circumstances or in any of the other concerns presented by Ms. Colo'n to question the performance of the jurors. To the contrary, the undersigned judge observed the jury to be focused on the testimony and other evidence presented. The court did not observe any juror sleeping or eating potato chips and no observations of this sort were ever brought to the attention of the Court by anyone, during the trial. The court had no concerns regarding any of the juror's behaviors or attitudes. Comments elicited from the jurors (and referenced above by Ms. Colo'n) during voir dire provided the parties an opportunity to determine any perceived bias. To the extent either party was uncomfortable with a response given by a juror during voir dire the appropriate action was to strike that juror from the jury panel by using a peremptory challenge or to ask the court to strike them for cause.

Ms. Colo'n's discontent with the jury that returned a verdict in favor of the defendant is not a sufficient basis upon which to grant a new trial pursuant to Rule 59, when her objection to the jury is untimely and the jury panel was selected in accordance with the law and in compliance with jury plan and the rules of this court.

### C. Defense Counsel's Misconduct

Ms. Colo'n alleges that defense counsel, Jeffrey B. Halbert, committed misconduct during the course of the trial that prevented Ms. Colo'n from receiving a fair and impartial trial. Specifically, Ms. Colo'n states that Mr. Halbert, during the questioning of Ms. Colo'n, "deliberately made a strong reference to a pending Lawsuit of the plaintiff's and shouts out the plaintiff is suing someone for 10 Million Dollars. While Judge Pratt immediately admonished Mr. Halbert, he did not apologize to this honorable court, but instead he continued to tell the jury this lawsuit was public record anyone could see it, and how the Plaintiff didn't disclose this information to him during her deposition." Ms. Colo'n contends that these statements are the basis for a new trial because they prejudiced the jury and made the proceedings inherently unfair because the jurors looked at her as a "lawsuit happy litigant." Pl.'s Reply, dkt 188, at 20.

In response, Indiana Downs argues that it was appropriate to question Ms. Colo'n regarding her other pending lawsuit given her failure to disclose such information during her deposition on March 7, 2008. Indiana Downs' counsel asked Ms. Colo'n whether she was seeking $10 million as damages in that lawsuit and Ms. Colo'n responded that was not true. When Indiana Downs' counsel commented that it was a matter of public record, the court admonished counsel and counsel apologized to the court. No further inquiries were made concerning the lawsuit. Ms. Colo'n then had the ability to discuss the issue during her re-direct testimony, which she did.

Misconduct by an attorney rises to the necessary level of impropriety if that conduct prejudices the adverse party. *Wiedemann v. Galiano*, 722 F.2d 224, 232-33 (7th Cir. 1983). Misconduct prejudices a party if it affects the party's "substantial rights." Fed.R.Civ.P. 61. If not, any wrongdoing is merely harmless error. *Id.; see U.S. v. Plato,* 629 F.3d 646 (7th

Cir. 2010) (citing *United States v. Hughes*, 310 F.3d 557, 563-64 (7th Cir. 2002) (co-defendant's counsel improperly raising the defendant's prior acts of fraud failed to rise to the level of actual prejudice required for a new trial)).

There is insufficient evidence to support Ms. Colo'n's contention that the questions asked by Indiana Downs relating to her other lawsuit had any impact on the eventual outcome of the trial. The court's instructions to the jury to disregard Mr. Halbert's comment regarding Ms. Colo'n's other pending litigation negated any possible prejudice to Ms. Colo'n. *Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008)(citing *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999) ("Moreover, any potential prejudice to [plaintiff] by defense counsel's argument . . . was lessened considerably by the fact that the district court instructed the jury that statements and arguments made by counsel were not to be considered evidence and that the jury should base its verdict solely on the evidence admitted in the case. We have repeatedly found that jury instructions of this sort mitigate any prejudicial effect of potentially improper remarks made by counsel . . . ."); *see also Whiting v. Westray*, 294 F.3d 943, 946 (7th Cir. 2002). The Court finds that Ms. Colo'n was not prejudiced by defense counsel's questioning during trial, therefore a new trial will not be granted on this basis.

## Conclusion

A jury was properly selected pursuant to the court's jury plan. The jury was presented with evidence, deliberated, and properly returned its verdict. The jury's verdict was not against the weight of the evidence and was reasonable if the defense evidence was found credible. The evidence was found credible by the jury. In view of the admonishment given to the jury, the questioning or comments by defense counsel during

the course of the trial did not prejudice Ms. Colo'n and there is no basis upon which to order a new trial. The plaintiff's motion for new trial (Dkt. No. 183) is **denied.**

**IT IS SO ORDERED.**

Date: 06/08/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Cassandra D. Colo'n
P.O. Box 3113
Clarksville, IN 47131

Jeffrey B. Halbert
STEWART & IRWIN P.C.
jhalbert@silegal.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com