UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CASSANDRA D. COLO=N, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:07-cv-060-TWP-DML |
| ) | |
| INDIANA DOWNS, ) | USCA No. 11-2579 |
| ) | |
| Defendant. ) | |

**ENTRY (1) DENYING MOTION AND AMENDED MOTION FOR
ENLARGEMENT OF TIME IN WHICH TO FILE NOTICE OF APPEAL AND
(2) DENYING REQUEST TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.   INTRODUCTION**

This matter is before the Court on Cassandra Colon's ("Plaintiff") Motion for Extension of Time after Expiration of Specific Time (Dkt. No. 207), Amended Motion for Extension of Time after Expiration of Specific Time (Dkt. No. 212) and Motion for Leave to Proceed in *forma pauperis* (Dkt. No. 211*)*.

Final judgment was entered in this action on December 3, 2010, following a trial by jury. Plaintiff's timely motion for a new trial was denied on June 9, 2011. Plaintiff filed a motion for clarification on July 1, 2011, which the Court denied in part and granted in part on July 11, 2011. Under Fed. R. App. P. 4(a)(1)(A) and 4(a)(4)(A)(v), the 30-day deadline for Plaintiff to file a notice of appeal expired on July 11, 2011. (The motion for clarification and the ruling thereon had no effect on the running of the period within which a notice of appeal had to be filed.) Plaintiff did not file her notice of appeal until July 12, 2011.

The notice of appeal was processed and the appeal has been docketed as No. 11-2579. On July 13, 2011, the Court of Appeals issued an Order in No. 11-2579 explaining that the notice of appeal of the June 9, 2011 Order was untimely. In doing so, the Court of Appeals stated:

> In this case judgment was entered on December 3, 2010, and the order denying plaintiff's timely motion for new trial was entered on June 9, 2011, starting the time to appeal. The notice of appeal filed on July 12, 2011, therefore, is one day late. The district court has not granted an extension of the appeal period, see Rule 4(a)(5), and this court is not empowered to do so, see Fed. R. App. P. 26(b). This appeal appears timely only as to the order entered on June 27, 2011, denying appellant's motion to reconsider, and the order entered on July 11, 2011, disposing of plaintiff's motion for clarification.

Plaintiff has filed a motion and an amended motion for an extension of time in which to file a timely notice of appeal. The question presented by these motions is whether Plaintiff has made a showing of Aexcusable neglect or good cause@ as specified in Rule 4(a)(5)(A)(i), (ii) of the *Federal Rules of Appellate Procedure* with respect to her filing of a notice of appeal on July 12, 2011. Plaintiff represents herself in these proceedings.

## II. Motions for Extension of Time

A timely motion for reconsideration under Federal Rule of Civil Procedure 59(e) tolls the time for appealing the underlying judgment. Fed. R. App. P. 4(a)(4)(A)(iv); *York Grp., Inc. v. Wuxi Taihu Tractor Co., Ltd.,* 632 F.3d 399, 401 (7th Cir. 2011). Such a motion was filed in this case. The motion for a new trial (Dkt. No.197) was denied on June 9, 2011. Plaintiff thereafter had 30 days in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A).

As noted by the Court of Appeals, the notice of appeal filed on July 12, 2011 was filed one day late. A district judge may extend the deadline for filing a notice of appeal only upon finding excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii); *Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir. 2005).

While the Court's decision to grant such relief is discretionary, *see Garwood Packaging, Inc. v. Allen & Co., Inc.,* 378 F.3d 698, 700 (7th Cir. 2004), it involves the consideration of several factors, including: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (*i.e.,* whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *McCarty v. Astrue,* 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)). However, a misunderstanding about the effect of a post-judgment motion is not good cause for missing the deadline to appeal the underlying judgment. *See Nicholson v. City of Warren,* 467 F.3d 525, 526 (6th Cir. 2006); *Amatangelo v. Borough of Donora,* 212 F.3d 776, 779 (3d Cir. 2000).

Although *pro se* filings are generally construed liberally and "[b]enefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994)). While the Court may be sympathetic to the fact that Plaintiff's *pro se* status may have contributed to her one day delay in filing, the trial court is not allowed to cut a *pro se* litigant "slack" about strict deadlines. "Although we liberally construe pro se filings", *Smith v. Grams,* 565 F.3d 1037,1041 (7th Cir.2009), "we do not enlarge filing deadlines for them". *See Geboy v. Brigano,* 489 F.3d 752, 766 (6th Cir.2007) (reiterating that the lenient treatment given to *pro se* complaints does not extend to court-imposed filing deadlines).

In its June 27, 2011 Entry, the Court stated: "the ruling of June 9, 2011, is appealable, if at all, only as part of an appeal from the final judgment entered on the clerk's docket on

3

December 3, 2010." This was a clear statement that, to be timely, an appeal from the ruling of June 9, 2011, would have to be filed within 30 days of June 9, 2011.

Plaintiff never equivocated in her efforts to seek additional review of the disposition of the case. She knew that if the Rule 59(e) motion was denied, the next step would be to appeal. Instead of meeting that deadline through a timely filing, however, she filed a motion for clarification. That motion did not toll the running of the appellate clock. The Court ruled on the motion for clarification (Dkt. No. 201) as promptly as circumstances permitted, and in that ruling stated; "Therefore, Plaintiff should file her notice of appeal at once". The Court did not violate any duty, nor did it equivocate in fulfilling any duty, to inform Plaintiff of the proper procedures for filing an appeal or of the deadlines for doing so.

To the extent that Plaintiff argues that her June 20, 2011 motion to reconsider tolled the deadline for filing a notice of appeal, an extension of time in which to file a notice of appeal would not be required. Such a position, in any event, would be incorrect. *Martinez v. City of Chicago*, 499 F.3d 721 (7th Cir. 2007); *Borrero v. City of Chicago*, 456 F.3d 698 (7th Cir. 2006).

Plaintiff seeks to establish excusable neglect in her tardiness in filing the notice of appeal because of the Court's rulings. In her amended motion for extension of time filed on July 22, 2011, she states that the ruling of June 27, 2011, "seem[ed] to state [she] was not entitled to file [her] appeal. Since the Denial of Reconsideration was marked July 27, 2011, [she] assume[ed] that the running of time to file would begin when [she] received the final notice from [her] Motion of Clarification."

Plaintiff thus concedes that she made an assumption which was not based on any order of the court or any ambiguity in the *Federal Rules of Appellate Procedure.* That assumption, moreover, is contrary to the *Federal Rules of Appellate Procedure* and is contrary to law in place

4

for a generation. It would be an abuse of discretion for this Court to grant Plaintiff the relief requested as "judges do not have 'carte blanche' authority to allow untimely appeals." *Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir.2005) (reversing district court's grant of one-day extension when attorney miscalculated deadline); *see also McCarty,* 528 F.3d at 545 (reversing district court's grant of three-day extension when attorney mistakenly believed that Federal Rule of Appellate Procedure 6(e) added three days to the period for filing a notice of appeal). "The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir. 1996) (citing *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985)). Because that is all that Plaintiff has offered through the account of her "assumption," her motion for extension of time to file her notice of appeal (Dkt. No.207) must be DENIED. *Smith v. Altegra Credit Co.*, 2004 WL 2521178, at *1 (E.D.Pa. Nov. 5, 2004) (finding argument that party was confused by Appellate Rules did not qualify as good cause). The amended motion (Dkt. No.212) is DENIED for the same reason.

### III. Leave to Proceed in *forma pauperis*

Plaintiff seeks leave to proceed on appeal *in forma pauperis.* An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. ' 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of ' 1915 must be judged by an objective, not a subjective, standard. *Id*. A petitioner demonstrates good faith when he/she seeks appellate review of any issue that is not frivolous. *U.S. v. Gicinto,* 114 F.Supp. 929 (W.D.Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

Importantly, Plaintiff has not identified a non-frivolous argument that the disposition of this action was erroneous. It is now clear that her appeal was not timely filed, and this will cause the appeal to be dismissed for lack of jurisdiction. *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). In pursuing an appeal, therefore, the plaintiff "is acting in bad faith...[because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

Plaintiff's request to proceed on appeal *in forma pauperis* (Dkt. No.211) is therefore DENIED.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Extension of Time to File her Notice of Appeal (Dkt. No.207) and Plaintiff's Amended Motion (Dkt. No.212) are hereby DENIED. Further, Plaintiff's Request to Proceed on appeal *in forma pauperis* (Dkt. No.211) is DENIED. The record on appeal shall be supplemented with this Entry.

**SO ORDERED**.

Date: 10/25/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Cassandra D. Colo'n
P.O. Box 3113
Clarksville, Indiana  47131

Jeffrey B. Halbert
STEWART & IRWIN P.C.
jhalbert@silegal.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com